Moore v. Monroe et al.

concur in the opinion of the district court, and therefore the judgment is

AFFIRMED.

MOORE v. MONROE ET AL.

1. **Public Schools**: READING OF BIBLE: CONSTITUTIONALITY OF STATUTE: STATUTE CONSTRUED. Under § 1764 of the Code, it is a matter of individual option with school teachers as to whether they will use the Bible in their schools or not, such option being restricted only by the provision that no pupil shall be required to read it contrary to the wishes of his parent or guardian; and said section is not in conflict with article 1, section 3, of the constitution.

2. ———: RELIGIOUS EXERCISES IN: NOT PROHIBITED BY CONSTITUTION. Section 3, article 1, of the constitution, was designed to secure the citizen against taxation for religious purposes, and not for the purpose of suppressing religion itself; and it does not afford a ground for enjoining religious exercises in the public schools, where it appears that the burden of taxation is not thereby increased, and that plaintiff's children are not required to be present at, nor to take part in, such exercises.

*Appeal from Davis District Court.*

THURSDAY, SEPTEMBER 18.

THE plaintiff, as a resident and tax-payer of the independent district of Bloomfield, and patron of the public school taught in the district, brings this action against the teachers of the school and directors of the district, and prays for an injunction to prevent the reading or repeating of the Bible, or any part thereof, in the school, and to prevent the singing of religious songs in the school. The court refused to grant an injunction, and from the order of refusal the plaintiff appeals.

*F. W. Moore* and *S. H. Steele*, for appellant.

*S. S. Carruthers* and *Payne & Eichelberger*, for appellees.

ADAMS, J.—The record shows that the teachers of the school are accustomed to occupy a few minutes each morning in reading selections from the Bible, in repeating the Lord's prayer, and singing religious songs; that the plaintiff has two children in the school, but that they are not required to be present during the time thus occupied. The record further shows that the plaintiff objected to such exercises, and requested that they be discontinued; but that the teachers refused to discontinue them, and the directors refused to take any action in the matter.

The plaintiff concedes that under a statute of Iowa, section 1764 of the Code, if constitutional, neither the school directors nor courts have power to exclude the Bible from public schools.   The provision of the statute is in these words: "The Bible shall not be excluded from any school or institution in this state, nor shall any pupil be required to read it contrary to the wishes of his parent or guardian."

Under this provision, it is a matter of individual option with school teachers as to whether they will use the Bible in school or not, such option being restricted only by the provision that no pupil shall be required to read it contrary to the wishes of his parent or guardian.   It was doubtless thought by the legislature that an attempt on the part of the school boards to exclude, by official action, the Bible from schools would result in unseemly controversies, to be decided ultimately at the polls, and that such controversies would naturally disturb the harmony of school districts and impair the efficiency of schools.   Whether the provision is a wise one it is unnecessary for us to express any opinion.   It is the law of the state, unless unconstitutional.

The plaintiff insists, however, that it is unconstitutional. The provision of the constitution with which it is said to conflict is article 1, section 3, bill of rights.   The provision is in these words: "The general assembly shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; nor shall any person be compelled to

attend any place of worship, pay tithes, taxes, or other rates, for building or repairing places of worship, or the maintenance of any minister or ministry."

The plaintiff's position is that, by the use of the school house as a place for reading the Bible, repeating the Lord's prayer and singing religious songs, it is made a place of worship; and so his children are compelled to attend a place of worship, and he, as a taxpayer, is compelled to pay taxes for building and repairing a place of worship.

We can conceive that exercises like those described might be adopted with other views than those of worship, and possibly they are in the case at bar; but it is hardly to be presumed that this is wholly so. For the purposes of the opinion it may be conceded that the teachers do not intend to wholly exclude the idea of worship. It would follow from such concession that the school house is, in some sense, for the time being, made a place of worship. But it seems to us that, if we should hold that it is made a place of worship within the meaning of the constitution, we should put a very strained construction upon it. The object of the provision, we think, is, not to prevent the casual use of a public building as a place for offering prayer or doing other acts of religious worship, but to prevent the enactment of a law whereby any person can be compelled to pay taxes for building or repairing any place designed to be used distinctively as a place of worship. The object, we think, was to prevent an improper burden. It is, perhaps, not to be denied that the principle carried out to its extreme logical results might be sufficient to sustain the appellant's position, yet we cannot think that the people of Iowa, in adopting the constitution, had such extreme view in mind. The burden of taxation, by reason of the casual use of a public building for worship, or even such stated use as that shown in the case at bar, is not appreciably greater. We do not think, indeed, that the plaintiff's real objection grows out of the matter of taxation. We infer from his argument that his real objection is that

the religious exercises are made a part of the educational system into which his children must be drawn, or made to appear singular, and perhaps be subjected to some inconvenience. But, so long as the plaintiff's children are not required to be in attendance at the exercises, we cannot regard the objection as one of great weight. Besides, if we regarded it as of greater weight than we do, we should have to say that we do not find anything in the constitution or law upon which the plaintiff can properly ground his application for relief.

Possibly the plaintiff is a propagandist, and regards himself charged with a mission to destroy the influence of the Bible. Whether this be so or not, it is sufficient to say that the courts are charged with no such mission. We think that the injunction was properly denied.

AFFIRMED.